**Dated: April 30, 2012**

**The following is ORDERED:**



_Tom R. Cornish_

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

SCHERRICE R. WALTERS          Case No. 11-81466-TRC
                              Chapter 13

                    Debtor.

### ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

On the 15th day of March, 2012, there came on for hearing Debtor's Chapter 13 Plan (Docket Entry 24), Amended Summary of Plan (Docket Entry 25), Trustee's Objection to Confirmation (Docket Entry 47) and Trustee's Brief in Support of Objection (Docket Entry 46). Appearing at the hearing were Greggory T. Colpitts for Debtor, Richard W. Walden, Staff Attorney for Standing Chapter 13 Trustee, and William Mark Bonney, Standing Chapter 13 Trustee. After hearing the arguments of counsel, and comments from other attorneys who regularly practice before this Court, the Court took the matter under advisement. Having reviewed the record and considered the arguments presented and applicable legal authority, the Court concludes that confirmation of Debtor's Plan must be denied, and Debtor should file a new Chapter 13 Plan and Summary that

conforms to Local Form 3015-1(B), the standard plan form developed by the Trustee's office for use in this District.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The issue presented is whether Debtor must use the standard plan form developed by Trustee for this District, or whether she may use a form developed by her own attorney.

Local Rule 3015-1(C) contains the following statement regarding the content of Chapter 13 plan forms filed in this District: "Chapter 13 plans shall substantially conform to Local Form 3015-1(B)."  A link to that form, along with a link to the one-page plan summary,  is  posted on this Court's public website.  Although this Court has not entered a General Order formally adopting the standard form posted on the website, the Local Rules of this Court require use of a form that substantially conforms.  The current standard plan form is seventeen pages.  Debtor's Chapter 13 Plan is considerably shorter, consisting of nine pages.  Debtor's Plan does not include any notice or explanation of how it deviates from the standard plan form available on the Court's website.  Trustee submitted an affidavit to the Court detailing the differences he noticed between the two plans.  His opinion is that the differences between Debtor's form and the standard plan form have little to no impact on Debtor's rights.

Debtor's counsel stated that he developed a shorter plan form because the standard form developed by Trustee is too long, virtually impossible for debtors and creditors to understand, and contains provisions that may result in debtors' counsel violating the law.  He stated that he was assisted by other area Chapter 13 attorneys in developing the plan form he filed.  His goal was to develop a plan form that was more concise, usable and readable for the average debtor and creditor.

He agreed that the plan form needs to be uniform, but the plan developed by the Trustee is too long and too complex for debtors and creditors to understand.

The current plan form was recently revised by the Standing Chapter 13 Trustee's office, increasing the plan form in length from ten to seventeen pages. The Trustee also revised his policies and procedures. Area Chapter 13 attorneys were invited to comment on proposed revisions to the Chapter 13 standard plan form, and the policies and procedures. Some attorneys participated in the revision process regarding policies and procedures, but no written comments were received by the Trustee's office regarding proposed changes to the standard plan form. At the hearing on March 15, 2012, the Trustee expressed his willingness to meet again with area Chapter 13 attorneys to review and revise the standard form. After the Chapter 13 docket on April 12, 2012, in McAlester, Oklahoma, the Court observed a meeting between Mr. Walden and several Chapter 13 attorneys to discuss the standard form.

The current standard plan form went into effect on September 1, 2011. Debtors who do not use this standard form must file a plan that substantially conforms, pursuant to Local Rule 3015-1(C). Although this Court's Rules do not specify how a non-standard form meets this requirement, the Trustee's Policies and Procedures do. Section IV(A) provides that deviations from the standard plan form must be detailed and conspicuously displayed on the first page of the non-standard plan form, and in the comments portion of the plan summary. Details of the deviation must include an explanation of the reason for the deviation and the applicable facts and law supporting those reasons. No such explanation is included in Debtor's Chapter 13 Plan, nor in her Plan Summary.

An order confirming a Chapter 13 plan is a final order, the terms of which bind the debtor and each creditor, pursuant to 11 U.S.C. § 1327(a). Therefore, this Court is charged with an

independent duty to review and scrutinize all aspects of a debtor's proposed plan to ensure that the plan complies with the Bankruptcy Code, and to correct any defects that may exist in that plan. *United Student Aid Funds, Inc. v. Espinosa*, -- U.S. -- , 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). The Trustee's Office has developed a standard plan form that meets all requirements for confirmation under the Code. Debtor's counsel argues that some of the terms in the current standard plan form do not meet Code requirements, however, he failed to identify those specific terms and requirements.

This Court notes that use of a model plan form is widespread among bankruptcy courts across the nation. According to research conducted by the Bankruptcy Court for the Middle District of Florida, approximately 70% of the 94 bankruptcy courts in the United States and its five territorial districts utilize a model form for Chapter 13 plans. *In re Visintainer*, 435 B.R. 727, 729-30 (Bankr. M.D. Fla. 2010). Some courts only allow deviations from the standard plan form with leave of court. *Id.* at 730. The Judicial Conference's Advisory Committee on Bankruptcy Rules has appointed a working group to research and develop a national model Chapter 13 plan form. That group's most recent report states that amendments to the Bankruptcy Rules will be required before a national plan form can be adopted, making adoption of a national form in the near future unlikely.[1]  Thus, individual courts will continue to use their own model plans.

Recently, in order to reduce the costs of noticing, the Clerk's Office discontinued its practice of mailing the entire plan form and summary with the Notice of Meeting of Creditors. Instead, the

---

[1]*Memorandum to Advisory Committee on Bankruptcy Rules from Chapter 13 Form Plan Working Group,* (Mar. 12, 2012, pages 27-32 of Addendum), http://www.uscourts.gov/RulesAnd Policies/FederalRulemaking/ResearchingRules/AgendaBooks.aspx ("The working group will proceed with the aim of seeking publication of proposed rule amendments in 2013.")

Clerk's Office mails the Notice of the Meeting of Creditors with the one page Plan Summary and a notice informing recipients that they may view the entire Plan form on the Court's website or contact the Chapter 13 Trustee or the debtor's attorney for a copy of the filed Plan. A plan that differs from the form on this Court's website may not be reviewed by affected parties, and may not afford them sufficient opportunity to object to the plan. A debtor's failure to alert interested parties on the first page of the plan form and in the comments portion of the plan summary that the plan differs from the standard form on the website and explain those differences runs the risk of not giving sufficient notice and opportunity to object.

The Court believes that a standard plan form is essential for this Court to meet its responsibility to review all Chapter 13 plans that are filed in this District, to provide proper notice to interested parties, and to promote efficiency in the review of those plans by this Court and by interested parties. *See In re Butcher*, 459 B.R. 115 (Bankr. D. Colo. 2010). The Trustee's policies and procedures are designed to provide adequate notice to interested parties and ensure that plans confirmed comply with bankruptcy law. The standard plan form developed by the Trustee meets the requirements of the Bankruptcy Code, and is required to be used by Chapter 13 debtors and their counsel in this District. Most debtors in this District will be able to fit within this standard plan form. Debtor's counsel stated that this case was not unique, therefore the Court has no reason to believe that Debtor could not utilize this District's standard plan form. However, if other debtors do need to depart from the standard form, the procedures outlined by the Trustee allow for changes so long as they are clearly detailed and explained on the first page of the plan that is filed with this Court. This is a reasonable and efficient way to accommodate a debtor who does not fit the standard template. The plan filed by Debtor herein does not comply with these requirements; therefore,

confirmation of Debtor's Plan and Summary must be denied.

The Court recognizes that Debtor's counsel and other practitioners have raised valid concerns regarding the current standard plan form.  At seventeen pages, its length may deter interested parties from reviewing it to determine its impact on their rights, and may pose a significant challenge to creditors without the resources to hire counsel to advise them of their rights.  The Court also believes Debtor's counsel when he states that most of his clients are unable to comprehend its terms, although he instructs them to read it before filing their plan. Thus, the Court supports the overture by both practitioners and the Trustee to work towards an acceptable revision of the current standard form that will comply with the Bankruptcy Code and be in a form that most debtors and creditors can comprehend.  The Court strongly encourages the Trustee and practitioners to continue to work together to develop an acceptable standard  plan form and summary.

IT IS THEREFORE ORDERED that confirmation of Debtor's Chapter 13 Plan (Docket Entry 24) and  Summary of Plan (Docket Entry 25) is **denied**.  Debtor is directed to file a new plan and summary that conforms to Local Form 3015-1(B) within fourteen (14) days.

The Clerk is directed to enter an order denying confirmation and directing the filing of a new plan in accordance with the Court's decision herein in the following cases: 11-81524 Fredrick K. and Annette M. Nelson; 11-81613 Jason C. Partain; 11-81650 Mark D. and Sharon L. Phelps; 11-81772 James D. Baldwin; and 11-81817 Charles D. Ridley.

###